UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GERALD MILES, ET AL.,           )
                                )
        Plaintiffs,              )
                                )   CIVIL ACTION NO.
VS.                              )
                                )   3:10-CV-0872-G
SUNSET LOGISTICS, INC., ET AL., )
                                )
        Defendants.              )

# MEMORANDUM OPINION AND ORDER

Before the court are the motion of the defendant, Sunset Logistics, Inc. ("Sunset Logistics"), for partial summary judgment (docket entry 23), and the motion of the third-party defendant, The Centers for Medicare and Medicaid Services ("CMS"), for partial summary judgment (docket entry 26). For the reasons set forth below, both motions are granted.

## I. BACKGROUND

### A. Factual Background

Gerald Miles and Barbara Miles (collectively, the "Miles") were involved in a hit-and-run automobile accident on August 17, 2007. Third Party Defendant The

Centers for Medicare and Medicaid Services' Motion for Partial Summary Judgment ("CMS Motion") at 2 ¶ 1. CMS made conditional payments, under the Medicare Program, of medical expenses incurred by the Miles as a result of the accident. *Id.* at 4 ¶ 11; Plaintiffs' Response to Defendant CMS' Motion for Partial Summary Judgment ("Plaintiffs' Response") at 1. The Miles, however, sued Sunset Logistics, John Doe, and Joseph Bell to recover for their injuries. Third Party Defendant The Centers for Medicare and Medicaid Services' Motion for Partial Summary Judgment and Memorandum in Support Thereof ("CMS Memorandum") at 3. After written discovery in that suit, Sunset Logistics invoked Rule 167 of the Texas Rules of Civil Procedure to recover its attorneys' fees and also amended its pleadings to seek affirmative relief from the Miles for maintaining the lawsuit in bad faith. Sunset Logistics, Inc.'s Motion for Partial Summary Judgment and Brief in Support Thereof ("Sunset Brief") at 2-3. On August 17, 2009, the Miles amended their state-court petition to join Allstate Indemnity Company ("Allstate"), their automobile insurance carrier, for benefits under their uninsured/underinsured motorist policy. *Id.* at 3. On October 5, 2009, the Miles and Sunset Logistics entered into a Texas Rule 11 settlement agreement (the "Rule 11 Agreement"). *Id.* (citing Rule 11 Agreement, *attached to* Declaration of Kent J. Lisenby ("Lisenby Declaration") *as* Exhibit B, *located in* Sunset Brief). To that end, the Miles and Sunset Logistics subsequently executed a Release, Confidentiality, Indemnity & Assignment Agreement (the "Assignment

Agreement"). *Id.* (citing Assignment Agreement, *attached to* Lisenby Declaration *as* Exhibit C, *located in* Sunset Brief). The Miles then non-suited Sunset Logistics by order dated October 12, 2009. *Id.*

In February of 2010, the Miles and Allstate settled their dispute via mediation. *Id.* Allstate agreed to pay $50,000 to settle Gerald Miles' claim, and $22,500 to settle Barbara Miles' claim. Third Party Defendant's Notice of Removal of Civil Action ("Removal") at 2. Following the mediation and settlement, Sunset Logistics made informal allegations to Allstate that it had an assignment from the Miles for all claims or rights to any settlement funds. *Id.* at 2-3. Shortly thereafter, on March 22, 2010, Allstate commenced this interpleader action in state court, bringing Sunset Logistics back into the litigation and joining CMS because the action involves the interests of the United States and its agency, United States Department of Health and Human Services ("HHS"). CMS Memorandum at 2. CMS removed this case to federal court pursuant to 28 U.S.C. § 1442(a)(1). Removal at 3-4. Allstate made an unconditional tender of the disputed settlement funds into the registry of this court on June 1, 2010.

The provisions of the Assignment Agreement at the heart of this dispute are as follows:

> 1. In consideration of **Sunset Logistics, Inc.'s** agreement to non-suit its affirmative claims for attorney's fees and damages associated with its claim against the Claimants for

the filing of frivolous pleadings in this case and asking the Court to enter an order of non-suit dismissing such claims:

*Gerald Miles and Barbara Miles*, acknowledge the receipt and sufficiency of the above mentioned consideration and hereby enter into this *Release of All Claims and Assignment* and do hereby release, acquit and forever discharge **Sunset Logistics, Inc.** . . . of and from any and all liability, claims, demands, damages, attorneys' fees, costs, actions, causes of action, claims related to loss of consortium or suits in equity, for whatsoever kind or nature whether heretofore or hereafter accruing or whether Claimants now have or may hereafter have same or whether same is now known or not known to Claimants, for or because of any matter or thing done, admitted or suffered as a consequence or as damages resulting from any conduct, acts, omissions, representations, breach of any duty, contract or statute, breach of any obligation, breach of any fiduciary duty, breach of any general duty, or negligence of any kind or character concerning the automobile accident occurring on or about **August 17, 2007** made the basis of this Agreement; or the settlement of any and all claims related to the accident.

2. *Gerald Miles and Barbara Miles* hereby warrant, represent and covenant that as a result of the above incident, all bills and liens associated with the accident made the basis of this Agreement have been paid or satisfied, or will be paid or satisfied. Claimants further warrant, represent and covenant that any and all liens or subrogation claims of any kind or whatsoever nature will be paid or satisfied by Plaintiffs, or such amounts have been waived by the lienholder, including, but not limited to all attorneys fees incurred by Claimants in this matter.

\* \* \*

9. *Gerald Miles and Barbara Miles* hereby represent and warrant that they have not transferred, conveyed, pledged, assigned or made any other disposition of the claimed

rights, interest, demands, actions or causes of action, obligations, or any other matter covered by this Agreement. . . .

* * *

20. The Parties agree that each party will bear its own costs including attorneys' fees and that there will not be any additional payment. In that regard, ***Gerald Miles and Barbara Miles*** acknowledge and agree that attorney's fees and legal expenses have been taken into account in reaching this settlement and are encompassed in the settlement payment. No legal costs or attorney's fees shall be taxed as costs of court or otherwise against and any released party.

* * *

22. This Agreement states the entire agreement of the parties with respect to the matters discussed herein, and supersedes all prior or contemporaneous oral or written understandings, agreements, statements or promises.

* * *

26. ***Gerald Miles and Barbara Miles***, as part of the consideration previously mentioned, do hereby assign to ***Sunset Logistics, Inc.*** all or so much of any cause of action, chose of action, judgment, or settlement as they may have against or from any person, firm or corporation, including, but not limited to ***Sunset Logistics, Inc.*** or any of the Released Parties related to any of the transactions or occurrences made the basis of this Agreement the handling and/or settlement of the related claim. This Assignment grants and conveys to ***Sunset Logistics, Inc.*** the right, title and interest in and to their causes of action against any of the Related Parties or any other responsible party, for negligence, breach of contract, fraud, negligence, deceptive trade practices, or any other cause of action that does or may exist arising out of the automobile collision made the

> basis of this Agreement or the settlement of the claims
> arising out of the automobile collision an subsequent claim
> made the basis of this Agreement. This assignment
> conveys to **Sunset Logistics, Inc.** the full right and power to
> maintain, to settle, to compromise, to reassign, and/or to
> give a release in full discharge of liability of a cause of
> action assigned to them hereunder. By this assignment,
> **Gerald Miles and Barbara Miles** agree that they hold no
> further claim, right, chose in action, cause of action,
> damage or injury related to the accident made the basis of
> this settlement agreement or the handling of the claim by
> any of the released parties.

Assignment Agreement, *attached to* Lisenby Declaration *as* Exhibit C, *located in* Sunset Brief (emphasis original).

### B. Procedural Background

Both Sunset Logistics and CMS have moved for partial summary judgment. Sunset Logistics claims that it is entitled to judgment as a matter of law because the Miles made a valid assignment of choses in action to settle Sunset Logistics' bad-faith claim against them. Sunset Logistics, Inc.'s Reply to Both the Plaintiffs' and CMS' Respective Responses to the Defendant's Motion for Partial Summary Judgment ("Sunset Reply") at 2. CMS argues that summary judgment is proper because it has a statutory priority right to reimbursement for conditional payments made on behalf of the Miles, as Medicare beneficiaries, for medical expenses resulting from the August 17, 2007 automobile accident. CMS Memorandum at 4-5.

Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[] that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c)(1).[1] A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine dispute as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in his favor. *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)). However, it is not

---

[1] Disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact. See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405.

## II. ANALYSIS

### A. Validity of the Assignment Agreement

The Miles oppose Sunset Logistics' motion for partial summary judgment because they believe that the Assignment Agreement "is void as a matter of law." Plaintiffs' Response to Defendant Sunset Logistics, Inc's Motion for Partial Summary Judgment ("Miles Response") at 1. The Assignment Agreement is void, according to the Miles, because Sunset Logistics' "assignment was nullified by their drafting of a Rule 11 Agreement which required dismissal with prejudice against the very Defendant from which they now claim standing to seek money." Plaintiffs' Brief in Support of Response to Defendant Sunset Logistics, Inc.'s Motion for Partial Summary Judgment ("Miles Brief") at 3-4 ¶ 5. The Miles argue that because they failed to dismiss their claims against Allstate in accordance with the terms of the Rule

11 Agreement, their assignment of choses in action to Sunset Logistics is not valid. The court disagrees.

In Texas, construction of an unambiguous assignment agreement "is a question of law for the Court."[2] *Wahlenmaier v. American Quasar Petroleum Company*, 517 S.W.2d 390, 393 (Tex. Civ. App.--El Paso Dec 18, 1974, writ refused n.r.e.). The general rule is that a cause of action may be assigned unless it is contrary to public policy. *State Farm Fire and Casualty Company v. Gandy*, 925 S.W.2d 696, 707 (Tex. 1996). Texas courts invalidate "assignments of choses in action that tend to increase and distort litigation." *Id.* at 711. For example, the Supreme Court of Texas has found the following four types of assignments inoperative on public policy grounds: (1) an assignment of legal malpractice claims, *id.* at 707-08; (2) a Mary Carter agreement, whereby a plaintiff assigns to a settling defendant part of his claims against any nonsettling defendants, *id.* at 709; (3) an assignment of a plaintiff's claim to a tortfeasor as part of a settlement agreement, which would allow that defendant to

---

[2] "A contract is ambiguous when it is reasonably susceptible to more than one meaning, in light of the surrounding circumstances and after applying established rules of construction." *Commons West Office Condos, Limited v. Resolution Trust Corporation*, 5 F.3d 125, 127 (5th Cir. 1993) (citation and quotation marks omitted). Mere disagreement over a contract's interpretation, however, does not necessarily render an agreement ambiguous -- for an ambiguity to exist, both interpretations must be reasonable. *Material Partnerships, Inc. v. Ventura*, 102 S.W.3d 252, 258 (Tex. App.--Houston [14th Dist.] 2003, pet. denied) (citations omitted). "It is objective, and not subjective[,] intent that controls the meaning of the contract." *Commons West*, 5 F.3d at 127. Here, there is no dispute that the Assignment Agreement is unambiguous.

prosecute the claim against a joint tortfeasor, *id.* at 710; and (4) an assignment of interests in an estate to circumvent a bar on contesting a will under the estoppel rule. *Id.* at 711. The Miles do not contend that the Assignment Agreement at issue here contravenes public policy; instead, they argue that it is invalid because it conflicts with the terms of the Rule 11 Agreement, which -- according to the Miles -- was incorporated by reference into the Assignment Agreement. Miles Brief at 1-3. The Miles' position is contradicted by the four corners of the Assignment Agreement.

In Texas, "it is a firmly established rule that the intention of the parties must be determined primarily from the body of the written instrument itself." *Commons West*, 5 F.3d at 127. A court must examine the entire document and consider each part with every other part so that it can determine the effect and meaning of one part on any other. *Mid-South Telecommunications Company v. Best*, 184 S.W.3d 386, 390 (Tex. App.--Austin 2006, no pet.). All provisions of the agreement must be considered with reference to the whole instrument, and in harmonizing disparate provisions, terms stated earlier must be favored over subsequent ones. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). Words will be given their "plain, common, or generally accepted meaning unless the instrument shows that the parties used them in a technical or different sense." *Best*, 184 S.W.3d at 390-91 (citing *Heritage Resources, Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996)).

Paragraph 22 of the Assignment Agreement states that it is "the entire agreement of the parties with respect to the matters discussed herein, and supersedes all prior or contemporaneous oral or written understandings, agreements, statements or promises." Assignment Agreement ¶ 22, *attached to* Lisenby Declaration *as* Exhibit C, *located in* Sunset Brief. This paragraph unambiguously expresses the parties' intention to disclaim any prior or contemporaneous agreements and be bound only by the terms of the Assignment Agreement. Contrary to the Miles' assertion, the Assignment Agreement does not incorporate by reference the previously-executed Rule 11 Agreement; the former *supersedes* the latter. Accordingly, there is no conflict between the two, and the Miles' failure to dismiss their claims against Allstate does not affect the validity of the Assignment Agreement. Sunset Logistics is entitled to judgment as a matter of law on its claim that the Miles validly assigned their rights in action to Sunset Logistics via the Assignment Agreement.

### B. Effect of the Miles' Prior Assignment by Contract of Contingent Fees and Expenses to their Attorney

The Miles argue that even if the Assignment Agreement is valid, it is "subject to . . . [CMS]' super lien and . . . the Miles' prior assignment of 40% contingent attorney's fees and expense reimbursement to their attorney by contract." Miles Response at 1. Having concluded that the Miles' assignment of choses in action is valid, the court must now determine whether such assignment is subject to the Miles'

prior assignment by contract of 40% contingent fees and expense reimbursement to their attorney. The court concludes that it is not.

By the terms of paragraph 9 in the Assignment Agreement, the Miles specifically represented and warranted that they had not "transferred, conveyed, pledged, assigned or made any other disposition of the claimed rights, interest, demands, actions or causes of action, obligations, or any other matter covered by this Agreement. . . ." Assignment Agreement ¶ 9, *attached to* Lisenby Declaration *as* Exhibit C, *located in* Sunset Brief. In paragraph 2, the Miles also warranted that all bills and liens -- including "attorneys fees incurred by Claimants in this matter" -- were already or would be paid or satisfied or waived by the lien holder. *Id.* ¶ 2 ("Claimants further warrant, represent and covenant that any and all liens or subrogation claims of any kind or whatsoever nature will be paid or satisfied by Plaintiffs, or such amounts have been waived by the lienholder, including, but not limited to all attorneys fees incurred by Claimants in this matter."). Finally, paragraph 20 of the Assignment Agreement specifically states, "The Parties agree that each party will bear its own costs including attorneys' fees and that there will not be any additional payment. In that regard, **Gerald Miles and Barbara Miles** acknowledge and agree that attorney's fees and legal expenses have been taken into account in reaching this settlement and are encompassed in the settlement payment." *Id.* ¶ 20 (emphasis original). When these provisions are taken into account, the only

reasonable interpretation of the Assignment Agreement is that the parties did not intend to subject the Miles' assignment of choses in action to any liens or claims for attorneys' fees and the assignment was not subject to any prior transfers or assignments. Consequently, the Miles' claim that their assignment of choses in action is subject to their prior assignment by contract of 40% contingent attorneys' fees and expense reimbursement to their attorney fails as a matter of law. Accordingly, Sunset Logistics is entitled to summary judgment.

### C. CMS' Right of Reimbursement

The only question remaining is whether CMS has a superior and priority claim, as a matter of law, to a portion of the interpleader funds deposited in the registry by Allstate. Neither the Miles nor Sunset Logistics dispute CMS' superior and priority right of reimbursement for conditional medical payments made on behalf of Gerald Miles. Plaintiffs' Response at 1 ("Plaintiffs are not opposed to CMS' Motion for Summary Judgment."); Sunset Reply at 6 ("CMS is correct that Sunset is not challenging CMS's right of reimbursement. . . ."). Nor could they. 42 U.S.C. § 1395y(b)(2)(B)(i) ("The Secretary may make payment under this subchapter with respect to an item or service if a primary plan described in subparagraph (A)(ii) has not made or cannot reasonably be expected to make payment. . . . Any such payment by the Secretary shall be conditioned on reimbursement. . . ."); see also *Mathis v. Leavitt*, 554 F.3d 731, 733 (8th Cir. 2009) ("Congress authorized Medicare to

recover from 'any entity' that receives payment for expenses conditionally paid for by Medicare").

Sunset Logistics, however, is challenging "whether or not the payments CMS claims to have made on behalf of Gerald Miles related to the underlying automobile collision." Sunset Reply at 6. "If the facts are as Sunset suspects, CMS is simply taking all of Gerald Miles' medical expenses since the date of the accident and associating them with the accident." *Id.* According to Sunset Logistics, because Gerald Miles "not only said that he was not hurt in the accident, but also had serious preexisting conditions arising from a previous and unrelated automobile collision, CMS should have to show that they money claimed is related to the collision made the basis of this lawsuit." *Id.* Sunset Logistic's conclusory statements, however, are not persuasive.

On a motion for summary judgment, factual controversies are resolved in favor of the nonmoving party only if there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. See *Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Here, Sunset Logistics has not submitted any evidence to support its allegation that CMS' conditional payments were for medical expenses that were unrelated to the August 17, 2009 automobile accident. Sunset Logistics asks this court to infer that fact from Gerald Miles' deposition testimony regarding his pre-existing medical conditions, a transcript

of a conversation he had with a representative of Allstate, and CMS' objection to Sunset Logistics' request for production of Gerald Miles' medical records.  *See generally* Sunset Logistics, Inc.'s Response to Medicare's Motion for Summary Judgment.  Such an inference is unwarranted.  CMS has submitted affidavit and documentary evidence supporting its claim of conditional payments, and the Miles agree that CMS has a super lien for $26,752.14, an amount that has been reduced from $65,547.70 as a result of a series of adjustments and procurement reductions made by CMS.  *See generally* Appendix in Support of Third Party Defendant The Centers for Medicare and Medicaid Services' Motion for Partial Summary Judgment and Memorandum in Support Thereof; Notice of Filing *Corrected* Exhibit B, Declaration of Sally Stalcup.  This court cannot, in the absence of any proof, assume that Sunset Logistics could or would somehow prove that CMS is overstating its interest.  See *Little*, 37 F.3d at 1075 ("*We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*").  Nor can this court find a genuine issue of material fact based on Sunset Logistic's bald assertions and mere suspicions.  Accordingly, CMS' motion for partial summary judgment is granted.

### III.  CONCLUSION

For the reasons stated above, Sunset Logistic's partial motion for summary judgment is **GRANTED**, and CMS's partial motion for summary judgment is also **GRANTED**.

Counsel for the parties shall confer and submit, within fifteen days of this date, an agreed form of judgment in conformity with this memorandum opinion and order. If agreement cannot be reached, each party shall submit his/her/its version of a proposed judgment within fifteen days of this date.

**SO ORDERED**.

April 22, 2011.

_A. Joe Fish_
**A. JOE FISH**
**Senior United States District Judge**